UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHERYL LOUISE MARCHESE,

    Plaintiff,

v.                                      Case No. 3:18cv94-MCR-CJK

FIRST JUDICIAL CIRCUIT
COURT ESCAMBIA COUNTY, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's amended civil rights complaint. (Doc. 11).  The complaint was referred to the undersigned for screening under 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

BACKGROUND

Plaintiff currently resides in the Florida State Hospital.[1]  The amended complaint names 3 defendants: the "First Judicial Circuit Court Escambia County";

---

[1] The electronic docket of Escambia County Case No. 2015CF001632 indicates Judge Boles found plaintiff not competent to proceed in a criminal case and subject to involuntary hospitalization. *See* http://74.174.28.52/BMWebLatest/Home.aspx/Search (last visited Mar. 16, 2018).

Judge Joel Boles; and Judge Jan Shackelford.  The complaint sets forth the factual allegations that follow.

Plaintiff says the First Judicial Circuit Court, through Judge Boles, permitted a lawyer to withdraw from plaintiff's criminal case despite plaintiff having paid the lawyer.  Judge Boles also: (1) "showed no respect for [plaintiff and] did not care for [plaintiff's] name"; (2) did not care if plaintiff was present at the hearing on counsel's motion to withdraw; (3) refused to consider plaintiff's medical reasons for missing a May 2016 hearing; (4) "put an illegal warrant on [plaintiff]" that resulted in his arrest and the placement of his dogs in an animal shelter; (5) "lied about the plaintiff's mental health in order to [place him] into a state hospital" and (6) did not show "respect" for plaintiff's petition for writ of habeas corpus.  Plaintiff asserts that, during a civil action, Judge Shackelford encouraged plaintiff to sue Deputy Sheriff McKelmore instead of the Escambia County Sheriff's Office after McKelmore suspended plaintiff's driver's license.

Based on the foregoing, plaintiff alleges Judge Boles violated the Fifth, Thirteenth, Fourteenth, and Fifteenth Amendments.  He claims both defendants' actions defamed him, constituted discrimination, and caused him to suffer financial losses.  He seeks $2 billion in compensation.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

Plaintiff has not stated a viable claim for relief. Any potential claim for damages against the judges is barred by the doctrine of judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11-12.

"[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles*, 502 U.S. at 13.

A judge is not deprived of absolute immunity from liability for damages "because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356; *see also Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"). An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject-matter jurisdiction of the court over which he presides. *See Dykes v. Hosemann*, 776 F.2d 942, 946-48 (11th Cir. 1985).

Here, plaintiff alleges Judge Boles issued a warrant for plaintiff's arrest, found him incompetent to proceed in a criminal case, ordered his placement in Florida State Hospital, granted defense counsel's motion to withdraw, and mishandled a petition for writ of habeas corpus. Plaintiff claims Judge Shackelford advised him that he sued the wrong individual in a civil action. These are functions normally performed by a judge. Furthermore, as plaintiff was a party in the cases over which the judges

were presiding, he dealt with the judges in their judicial capacity. Although plaintiff alleges the judges defamed him and were discriminatory, he does not allege the judges acted in the complete absence of all jurisdiction. Therefore, the judges are immune from suit for damages.

In addition, plaintiff names the "First Judicial Circuit Court Escambia County" as a defendant. The circuit court, however, is not a suable entity. *See Brown v. Jones*, Case No. 4:16cv777-RH/CAS, 2017 WL 2783988 at *1 (N.D. Fla. June 26, 2017). And even if it were a suable entity, plaintiff's claim fails because the state and state entities, including the First Judicial Circuit, have Eleventh Amendment immunity. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) (holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress).\*

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

---

\* The court previously advised plaintiff the initial complaint failed to state a claim for relief. (Doc. 6). The amended complaint, however, names the same defendants and makes similar factual allegations as the original complaint.

Case No. 3:18cv94-MCR-CJK

At Pensacola, Florida, this 19th day of March, 2018.


 /s/ *Charles J. Kahn, Jr.*
 **CHARLES J. KAHN, JR.**
 **UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:18cv94-MCR-CJK